DLD-292                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1673

_____

LUIS NIEVES,
                                        Appellant

v.

EMT RON THORNE; PARAMEDIC NICOLE JOHANNES;
OFFICER PAUL TOMCZYK; SUPERINTENDENT FAYETTE SCI;
GOVERNOR OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-16-cv-01912)
District Judge:  Honorable James M. Munley

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
September 26, 2019
Before: JORDAN, GREENAWAY, JR. and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 5, 2019)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Luis Nieves appeals the sua sponte dismissal of his action for failure to prosecute. See Fed. R. Civ. P. 41(b). Because this case does not present a substantial question, we will summarily affirm. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Nieves filed this action and a motion to proceed in forma pauperis (IFP) in September 2016, alleging that his civil rights were violated when he was unlawfully restrained and received unwanted medical care. Nieves named a police officer, Paul Tomczyk, an EMT, Ron Thorne, and a paramedic, Nicole Johannes, as defendants. The District Court granted Nieves's request to proceed IFP, and directed the United States Marshal to serve each of the three defendants. Ultimately, only Officer Tomczyk responded, filing a motion to dismiss.[1] The case was referred to a Magistrate Judge who issued a Report and Recommendation (R&R) recommending that the motion to dismiss be granted because Nieves had failed to prosecute his action. Dkt. #31.

On April 5, 2017, the District Court adopted the R&R and dismissed the case as to Officer Tomczyk. Dkt. #36. Nieves subsequently submitted various filings to the court, including a motion to appoint counsel. On May 8, 2017, the Magistrate Judge denied the motion to appoint counsel and directed Nieves to show cause as to why the case should not be dismissed for failure to prosecute, since Nieves had yet to provide addresses for the other named defendants. Dkt. #43.

On May 25, 2017, Nieves requested leave to file an amended complaint, but this

---

[1] Thorne and Johannes were never served because Nieves did not provide addresses for either defendant, despite the court's direction to do so.

filing was denied because it was incomplete.  Dkt. #47.  The Magistrate Judge ultimately gave Nieves until September 11, 2017, to file a proper motion seeking leave to file an amended complaint.  Nieves never did so.  Instead, on December 10, 2018—a year and three months after the deadline set by the Magistrate Judge—Nieves filed an amended complaint.  The amended complaint did not mention the original three defendants, and instead alleged that new defendants, Mark Capoza and Tom Wolff, violated his constitutional rights.[2]

The Magistrate Judge sua sponte issued an R&R, recommending the case be dismissed for failure to prosecute, or, in the alternative, be dismissed under the IFP screening provision 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  The District Court adopted the R&R and dismissed the action for failure to prosecute.  See Fed. R. Civ. P. 41(b).  Nieves timely appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  We review the District Court's sua sponte decision to dismiss a case pursuant to Rule 41(b) for an abuse of discretion.  Briscoe v. Klaus, 538 F.3d 252, 257 (3d Cir. 2008).  "While we defer to the District Court's discretion, dismissal with prejudice is only appropriate in limited circumstances and doubts should be resolved in favor of reaching a decision on the merits."  Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002).

Under Rule 41(b), a district court may punitively dismiss an action if a litigant has

---

[2] The amended complaint, like most of Nieves's filings, is difficult to read.  There appear to be various allegations, including "mental health criminal violations," retaliation, slander, false imprisonment, and attempted murder.  Dkt. #53 at 2–3.

failed to prosecute or to comply with a court order. See Fed. R. Civ. P. 41(b). A court must justify its decision under the multi-factor balancing test stated in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984). Under Poulis, a court must weigh: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." Id. at 868 (emphasis removed). Dismissals with prejudice are drastic sanctions; accordingly, a "[d]ismissal must be a sanction of last, not first, resort." Id. at 869.

We have advised that a district court dismissing a case sua sponte "should use caution in doing so because it may not have acquired knowledge of the facts it needs to make an informed decision." Briscoe, 538 F.3d at 258. In such cases, a district court "should provide the plaintiff with an opportunity to explain his reasons for failing to prosecute the case or comply with its orders prior to dismissing a case sua sponte." Id. While there is no "magical formula" or "mechanical calculation" in evaluating a Rule 41(b) dismissal, "we have never upheld a court's dismissal when it was supported by an inadequate foundation on even one of the Poulis factors." Hildebrand v. Allegheny County, 923 F.3d 128, 137 (3d Cir. 2019).

Here, the Magistrate Judge thoroughly analyzed each Poulis factor and concluded that all of the factors, with the exception of the second factor (prejudice to the

4

adversary)[3], weighed in favor of dismissal.  We agree.

As a pro se litigant, the responsibility to prosecute this case fell squarely on Nieves.  See Emerson, 296 F.3d at 190.  Nieves engaged in dilatory tactics by submitting various erroneous filings to the court, which were often in the form of letters that expressed his thoughts on unrelated cases or irrelevant topics in a stream-of-consciousness style.  In addition to these erroneous letters, he asked for various extensions of time to file responsive pleadings, and then failed to meet the deadlines set by the court.  Indeed, the Magistrate Judge even notified Nieves—via an order to show cause—that his case could be dismissed if he failed to provide addresses for the named defendants.  Dkt. #43.  Nieves asked for an extension of time to respond to this order, failed to respond, and then filed an amended complaint naming entirely new defendants and listing new causes of action *more than a year later*.  See Briscoe, 538 F.3d at 260 ("Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." (internal quotation marks omitted)).

Moreover, the record supports the conclusion that Nieves's conduct was not merely negligent.  See Emerson, 296 F.3d at 191 (agreeing that failing to comply with court orders and "dragging the case out" was willful and not merely negligent or inadvertent).  Further, Nieves's pro se and IFP status, coupled with his refusal to comply

---

[3] The Magistrate Jude determined that this factor was neutral because none of the remaining defendants in the original complaint, or the new defendants named in the amended complaint, had been served.

with court orders (including an order to show cause), rendered lessor sanctions ineffective. See Briscoe, 538 F.3d at 262–63 (noting where a plaintiff is proceeding pro se and IFP, we have upheld the conclusion that no alternative sanctions existed because monetary sanctions "would not be an effective alternative").

Finally, we agree that the assessment of the meritoriousness of Nieves's claims weighed heavily in favor of dismissal. Quite simply, the amended complaint consisted of vague, rambling allegations of wrongdoing that were insufficient to state a claim. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (noting that, while the pleading standard of Rule 8 does not require detailed factual allegations, it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and that a complaint is insufficient "if it tenders 'naked assertions' devoid of 'further factual enhancement'" (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–57 (2007)).

Accordingly, we find no abuse of discretion in the sua sponte dismissal of Nieves's action for failure to prosecute. For the foregoing reasons, we will summarily affirm the District Court's judgment.